# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BARBARA A. BAKER on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN INC.,<br><br>Defendant. | Case No. 3:25-cv-01609-X |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into between Plaintiff (on behalf of herself, the Plan, and all Class Members), and Defendant (as defined below).

**RECITALS**

A. On September 26, 2024, Plaintiff Barbara A. Baker (the "Plaintiff" or "Class Representative"), on behalf of herself and all others similarly situated, filed the operative complaint (the "Complaint") in the United States District Court for the Western District of Pennsylvania, No. 2:24-cv-01360, which was subsequently transferred to the United States District Court for the Northern District of Texas, No. 3:25-cv-01609-X, asserting claims for alleged violation of Section 702 of ERISA (29 U.S.C. § 1182), breach of fiduciary duty (29 U.S.C. § 1104), and prohibited transactions (29 U.S.C. § 1106).

B. On July 16, 2025, 7-Eleven, Inc. ("7-Eleven" or "Defendant") moved to dismiss the Complaint. On February 19, 2026, the Court denied 7-Eleven's motion to dismiss.

C. Thereafter, the Parties jointly selected to mediate the case before Jed Melnick, Esq. of JAMS, who is well-versed in class actions and familiar with the types of claims asserted in the Action.

D. On August 18, 2026, the Parties participated in a full-day mediation and ultimately reached a settlement in principle.

E. Based on their investigation of the merits of this Action, the course of the litigation to date, and their knowledge and experience with respect to similar ERISA litigations, Class Counsel believe that the Settlement will provide substantial benefits to the Settlement Class. When the benefits conferred by the Settlement are weighed against the attendant

risks of continuing to prosecute the Action, Class Counsel believe that the Settlement represents a reasonable and fair resolution of the claims of the Settlement Class. In reaching this conclusion, Class Counsel have considered, among other things, the risks of litigation (including the risks of establishing both liability and loss to the Plan), the time necessary to achieve a final resolution through litigation and any appeals, the complexity of the claims set forth in the Complaint, the ability of Defendant to withstand judgment, and the benefits accruing to the Plan's participants under the Settlement.

F. Defendant has denied and continues to deny all liability with respect to the claims alleged in the Complaint. Defendant nonetheless considers it desirable that any and all possible controversies and disputes arising out of or that relate to the matters, transactions, and occurrences referenced in the Complaint be conclusively resolved and terminated on the terms and conditions set forth below because the Settlement and the attendant final dismissal of the Complaint will avoid the substantial expense, inconvenience, and risk of continued litigation and will bring Plaintiff's and the Class Members' claims and potential claims to an end.

G. NOW, THEREFORE, without any admission or concession on the part of Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession on the part of Defendant as to the merits of the allegations or claims asserted in the Class Action, the Parties, in consideration of the promises, covenants, and agreements described herein, and for other good and valuable consideration, mutually stipulate and agree that all Released Claims against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## I. DEFINITIONS

For purposes of this Settlement Agreement, the following terms, when used in capitalized form, will have the meanings indicated below. Occasionally, a term may be defined in this or another section of the Agreement by putting quotation marks around the term and placing the term in a parenthetical following its definition or by putting quotation marks around the term within a sentence defining the term; a term defined in this manner is defined in this Section I.

1. "Action" means the lawsuit pending in this Court under the caption *Baker, et al. v. 7-Eleven Inc.*, Case No. 3:25-cv-01609 (N.D. Tex.), inclusive of the time it spent pending in a different court and/or under a different case number.
2. "Administrative Expenses" means any expenses incurred in the administration of this Settlement Agreement, including all:
   a. Fees, expenses, and costs associated with providing the Settlement Notice to the Class Members;
   b. Taxes;

c. Expenses and costs associated with the distribution of funds under the Plan of Allocation;

d. Fees and expenses of the Settlement Administrator; and

e. Independent Fiduciary Fees (as defined below).

All Administrative Expenses shall be paid from the Gross Settlement Amount.

3. "Attorneys' Fees and Costs" means (a) the amount, if any, requested by Class Counsel and awarded by the Court as compensation for services rendered in the Action, which shall not exceed 33.33% of the Gross Settlement Amount, and (b) all reasonable costs and expenses incurred by Class Counsel in connection with the prosecution of the Action, which shall be requested separately from and in addition to the attorneys' fees described in subpart (a). Both attorneys' fees and costs shall be recovered and deducted from the Gross Settlement Amount.

4. "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis.

5. "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

6. "CAFA Notice" means notice of this proposed Settlement to be issued by Defendant pursuant to 28 U.S.C. § 1715.

7. "Case Contribution Awards" means the monetary amount requested by Class Counsel to be awarded to the Class Representatives at the Final Approval Hearing.

8. "Class" or "Settlement Class" means all individuals meeting the following criteria:

a. The individual was a Plan participant or beneficiary at any point from September 26, 2018, through the date of entry of the Preliminary Approval Order; and

b. paid a tobacco or nicotine surcharge in connection with their participation in the Plan from September 26, 2018, through the entry of the Preliminary Approval Order; and

c. was not fully reimbursed the tobacco or nicotine surcharge payments made from September 26, 2018, through the date of entry of the Preliminary Approval Order.

9. "Class Counsel" means Oren Faircloth and William H. Payne, IV of Siri & Glimstad LLP.

10. "Class Members" means all individuals in the Settlement Class, including the Class Representative.

11. "Class Member List" is the list of names, last known mailing address, dates of birth, final four digits of social security numbers, and employee or participant identification numbers for Class Members.

12. "Class Period" means the period from September 26, 2018, through the date of entry of the Preliminary Approval Order.

13. "Class Representative" means the named Plaintiff in the Action, Barbara A. Baker.

14. "Complaint" means the Class Action Complaint filed in the Action on September 26, 2024.

15. "Court" means the United States District Court for the Northern District of Texas.

16. "Cy Pres Recipient" means American Cancer Society, a nonprofit organization recognized as tax exempt under Section 501(c)(3) of the Internal Revenue Code, subject to approval by the Court.

17. "Defendant" means 7-Eleven, Inc.

18. "Defense Counsel" means Sam Schwartz-Fenwick and Thomas M. Horan of Seyfarth Shaw LLP.

19. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq.

20. "Final" when referring to an order or judgment means: (1) that the time for appeal or appellate review of the order or judgment has expired under applicable law, and no appeal has been taken; or (2) if there has been an appeal, (a) that appeal has been decided by all appellate courts without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

21. "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider, among other things, approval of the Settlement.

22. "Final Approval Order and Judgment" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement

Agreement, and dismissing the Action with prejudice, in substantially the form attached as Exhibit D.

23. "Gross Settlement Amount" means two million, three hundred thirteen thousand, four hundred eighty dollars and eighty-seven cents ($2,313,480.87) that shall be paid by Defendant and/or its insurance carrier and represents the full and sole monetary payment to the Class, Plaintiff, and Class Counsel, made by or on behalf of Defendant (and the Released Parties) in connection with the Settlement, effectuated through this Settlement Agreement. Except for CAFA Notice expenses under Section II.6, neither Defendant nor any Released Parties will be required to make any additional payment to the Class, Plaintiff, or Class Counsel in connection with the Settlement of the Action.

24. "Independent Fiduciary" means the person or entity that will serve as an independent fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan.

25. "Independent Fiduciary Fees" means all fees and expenses associated with retaining the Independent Fiduciary, and all fees and expenses incurred by the Independent Fiduciary and any employees, attorneys, consultants, advisers, or agents employed by the Independent Fiduciary.

26. "Mediator" means Jed Melnick, Esq.

27. "Net Settlement Amount" means the Gross Settlement Amount minus:

   a. all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court;

   b. the Case Contribution Awards as authorized by the Court;

   c. all Administrative Expenses;

   d. a contingency reserve not to exceed an amount to be mutually agreed upon by the Parties that is set aside by the Settlement Administrator for:

      (i) Administrative Expenses incurred before the Settlement Effective Date but not yet paid;

      (ii) Administrative Expenses estimated to be incurred after the Settlement Effective Date; and

      (iii) an amount estimated for adjustments of data or calculation errors.

28. "Parties" means the Defendant and Plaintiff, on behalf of herself, the Plan, and each of the Class Members.

29. "Person" means an individual, partnership, corporation, governmental entity or any other form of entity or organization.

30. "Plaintiff" means Barbara A. Baker.

31. "Plan" means The 7-Eleven Comprehensive Welfare Benefit Plan and any predecessor plans, successor plans, and any trust created and attendant to all such plans.

32. "Plan of Allocation" means the method of allocating settlement funds to Class Members. A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

33. "Preliminary Approval Order" means the Court Order in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

34. "Qualified Settlement Fund" means the account to be established and maintained by the Settlement Administrator holding the Gross Settlement Amount.

35. "Released Claims" means and includes any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under local, state, or federal law, whether by statute, contract, common law, equity, or otherwise, whether brought in an individual, representative, or any other capacity, whether involving legal equitable, injunctive, declarative, or any other type of relief (including, without limitation, indemnification or contribution), whether, known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that have been, could have been, or could be brought by or on behalf of all or any member of the Settlement Class or the Plan at any point prior to the Court's final approval of the Settlement, and that: were asserted in the Lawsuit, could have been asserted in the Lawsuit based on the factual allegations in the Complaint, relate to or arise out of the Settlement or any aspect of its implementation, or that would have been barred by the doctrine of res judicata or claim preclusion had the Lawsuit been fully litigated to a final judgment.

36.1 The Released Claims shall not include any claims that cannot be waived by law.

36. "Released Parties" means: (a) 7-Eleven, Inc. and all of its past, present and future directors, officers, partners, members, trustees, shareholders, owners, employees, administrators, fiduciaries, representatives, agents, attorneys, insurers, and assigns; (b) 7-Eleven, Inc.'s past and present parents, subsidiaries, predecessors, successors, and assigns and affiliated entities (including, but not limited to, Speedway LLC, but only with respect to Released

Claims) and all of their respective past, present and future directors, officers, partners, members, trustees, shareholders, owners, employees, administrators, fiduciaries, representatives, agents, attorneys, insurers, and assigns; and (c) any fiduciary (including de facto fiduciaries) for the Plan, together with any of the Plan's present or former representatives, insurers, reinsurers, consultants, administrators, representatives, attorneys, employee benefit plans, investment advisors, and investment underwriters.

37. "Residual Settlement Funds" means any funds remaining in the Qualified Settlement Fund after: (a) all initial distributions to Class Members; (b) expiration of all settlement checks; and (c) payment or reasonable reservation for all remaining Administrative Expenses and Taxes.

38. "Settlement" means this Settlement Agreement and its exhibits, including any modifications or amendments as agreed to.

39. "Settlement Administrator" means the entity selected and retained by Class Counsel to administer the Settlement, Plan of Allocation, and Settlement Notice, subject to the agreement of Defendant, which shall not be unreasonably withheld..

40. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

41. "Settlement Effective Date" means the date on which the Final Approval Order and Judgment has become Final.

42. "Settlement Notice" means the document sent to Class Members regarding the Settlement, the Action, and the Final Approval Hearing as approved by the Court, substantially in the form attached hereto as Exhibit A.

43. "Taxes" means:

a. all taxes, if any, on the income of the Qualified Settlement Fund,

b. taxes, if any, associated with the payment of settlement amounts to the Class or individual members of the Settlement Class (including all applicable state and federal income tax withholdings),

c. expenses and costs incurred in connection with the taxation of the Qualified Settlement Fund (including, without limitation, interest, penalties and the expenses of tax attorneys and accountants).

## II. PROCEDURE

1. Stipulation to Certification of Settlement Class. Upon the date the final signature is applied to this Settlement Agreement, the Parties stipulate and agree that for settlement purposes only, this Action shall proceed as a non-opt-out class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), with respect to the Settlement Class.

2. Preliminary Approval. By no later than October 5, 2026, Class Counsel shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Approval Order that provides for, among other things: (a) Certification of a conditional Settlement Class pursuant to Fed. R. Civ. P. 23(b)(1), comprised of the members of the Settlement Class; (b) Preliminary approval of the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e); (c) Appointment of Class Counsel under Fed. R. Civ. P. 23(g); (d) Approval of the contents and methods of the Settlement Notice, in substantially the form attached hereto as Exhibit A, and direction to the Settlement Administrator to distribute the same to the Settlement Class; (e) Determination that, pending final determination of whether the Settlement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plan; (f) approval of the form of the CAFA Notice and determination that, once distributed, Defendant will have fulfilled its obligations under CAFA; and (g) the scheduling of a Final Approval Hearing, which may be adjourned or continued by order of the Court without further direct notice to the Class Members.

a. Plaintiff shall request a Final Approval Hearing be set at least one hundred and twenty (120) days from the date of the entry of the Preliminary Approval Order.

b. Objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Final Approval Hearing if they have been filed validly with the Clerk of the Court and copies have been provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Final Approval Hearing. Any person wishing to speak at the Final Approval Hearing shall file and serve a timely notice of intent to appear.

c. Any Party may, but is not required to, serve discovery requests on an objector, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector.

d. Any Party may file a response to an objection by a Class Member before the Final Fairness Hearing.

e. Class Counsel shall send the motion for preliminary approval to Defense Counsel at least five (5) calendar days prior to filing the motion for preliminary approval.

f. Defendant will not oppose Plaintiff's Motion for Preliminary Approval, provided it is consistent with the terms and conditions of the Settlement.

3. Settlement Administrator. If the Settlement (including any modification thereto as made with the consent of the Parties provided for herein) is approved preliminarily by the Court, Class Counsel shall retain a Settlement Administrator to administer the Settlement Notice to the members of the Settlement Class, subject to the agreement of Defendant, which shall not be unreasonably withheld.

a. No later than twenty-one (21) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class Member List. Defendant agrees to use reasonable efforts to provide the Settlement Administrator other data or information needed to effectuate the Settlement Notice, implement the Plan of Allocation, and distribute the funds in the Qualified Settlement Fund.

4. Settlement Notice. Within the time period set forth in the Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Notice, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Parties and approved by the Court, to be sent via U.S. Mail to each Class Member identified on the Class Member List.

a. Class Counsel shall confirm that the Settlement Administrator uses commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send the Settlement Notice one additional time.

5. Settlement Website. The Settlement Administrator shall cause a Settlement Website to be established and maintained. The Settlement Website shall be launched no later than the date on which the Settlement Notice is first sent to the Class. The Settlement Website shall contain, at a minimum, public pleadings filed in the Action, and documents related to the Settlement, including the Settlement Agreement and Settlement Notice. The Parties shall confer on a mutually-agreeable url for the Settlement Website.

6. Independent Fiduciary. Defendant shall select and retain an Independent Fiduciary to serve as a fiduciary of the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan. The Independent Fiduciary shall have the following responsibilities: (a) Complying with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39 (as amended); and (b) notifying Defendant directly of its determination (with copies to Class Counsel and Defense Counsel) no later than thirty (30) calendar days prior to the Final Approval Hearing.

a. Class Counsel will provide the Independent Fiduciary with their motion for attorneys' fees and expenses and for any case contribution awards at least five (5) business days before the Independent Fiduciary's report is due.

b. All Independent Fiduciary fees and expenses shall qualify as Administrative Expenses and shall be paid from the Gross Settlement Amount.

c. Defendants, Defense Counsel, and Class Counsel shall promptly respond to reasonable requests by the Independent Fiduciary for non-privileged information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

d. The Settlement Administrator shall be responsible for the payment of the Independent Fiduciary Fees from the Gross Settlement Amount to the Independent Fiduciary.

e. If Defendant concludes that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendant shall inform the Independent Fiduciary within five (5) calendar days of receipt of the determination.

f. A copy of the Independent Fiduciary's written determination shall be provided to Class Counsel, who may file it with the Court in support of Final approval of the Settlement.

7. <u>CAFA Notice</u>. No later than ten (10) calendar days after Class Counsel files the Motion for Preliminary Approval of the Settlement, Defendant will send or cause to be sent the CAFA Notice in accordance with 28 U.S.C. § 1715.

   a. Defendant will provide Class Counsel a copy of the CAFA Notice if requested.

   b. Defendant, or its insurance carrier, will be responsible for the costs associated with service and preparation of the CAFA Notice.

8. <u>Application for Attorneys' Fees and Costs and Class Representatives' Case Contribution Award</u>.

   a. Class Counsel will seek to recover their Attorneys' Fees and Costs. Attorneys' fees shall not exceed 33.33% of the Gross Settlement Amount, and costs shall be requested separately from and in addition to attorneys' fees.

   b. Class Counsel's request for Attorneys' Fees and Costs shall be subject to approval of the Court. If awarded, Class Counsel's Attorneys' Fees and Costs shall be recovered solely from the Gross Settlement Amount from the Qualified Settlement Fund.

   c. Class Counsel will seek Case Contribution Awards for Plaintiff in an amount not to exceed $7,500, subject to court approval. Any Case Contribution Award shall be paid in addition to, and shall not reduce, Plaintiff's individual distribution under the Plan of Allocation.

d. The Case Contribution Awards shall be subject to the approval of the Court and if awarded shall be paid out of the Gross Settlement Amount from the Qualified Settlement Fund.

e. This Settlement is not contingent upon the Court granting Class Counsel's request for Attorneys' Fees and Costs or the Court granting the request for Class Representative Case Contribution Awards. It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Counsel's request for Class Representative Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representative Case Contribution Awards.

f. Class Counsel will file a Motion for an Award of Attorneys' Fees, Costs, and Case Contribution Award no later than forty-five (45) calendar days before the date of the Final Approval Hearing specified in the Preliminary Approval Order.

9. Establishment of Qualified Settlement Fund.

a. No later than five (5) business days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund.

b. The Settlement Administrator is responsible for the timely payment of all Taxes, if any, owed with respect to any funds in the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.

c. The Released Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any Taxes, or any tax reporting or withholding obligations, if any, of any funds in the Qualified Settlement Fund. Nothing herein shall be construed as qualifying as tax advice. To the extent that any portion of any Settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax.

d. No later than two (2) business days after the Settlement Administrator establishes the Qualified Settlement Fund, the Settlement Administrator or Class Counsel shall furnish to Defendant and/or Defense Counsel in writing:

(i) the Qualified Settlement Fund name,

(ii) the Qualified Settlement Fund IRS W-9 Form, and

(iii) all necessary instructions for furnishing payment by check or wire transfer.

e. No later than fifteen (15) business days after receiving the information required by subsection (d) Defendant and/or Defense Counsel shall cause to be deposited one hundred thousand Dollars ($100,000.00) into the Qualified Settlement Fund.

f. The Settlement Administrator shall not disburse any amount from the Qualified Settlement Fund except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel.

g. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

10. Plan of Allocation.

a. Class Counsel is solely responsible for the Plan of Allocation and shall submit the proposed Plan of Allocation for Court approval in connection with the Motion for Preliminary Approval of the Settlement, in the form attached hereto as Exhibit B, and for final approval in connection with Final Approval of the Settlement.

b. The Court's approval of the Plan of Allocation is not a material or integral part of or condition to the Settlement, and the Court's rejection or modification of the Plan of Allocation shall neither entitle Plaintiff nor Defendant to withdraw from or terminate the Settlement, nor affect the finality of the Settlement or Final Approval of the Settlement, provided that neither Defendant nor its insurer shall be required, under any circumstances, to contribute any amount in excess of the Gross Settlement Amount.

c. The Settlement Administrator shall be exclusively responsible for calculating the amounts payable to Class Members pursuant to the Plan of Allocation.

d. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendant, Defense Counsel, or any Released Parties and they shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.

11. Disbursements from Qualified Settlement Fund prior to Settlement Effective Date. Class Counsel, subject to the approval of Defendant, which shall not be unreasonably withheld, shall direct the Settlement Administrator to disburse money from the Qualified Settlement Fund as follows before the Settlement Effective Date:

a. After entry of the Preliminary Approval Order, the Settlement Administrator shall be directed to disburse from the Qualified Settlement Fund an amount sufficient for the payment of costs of the Settlement Notice, implementing the Plan of Allocation and otherwise administering the Settlement.

b. For Taxes, if any, of the Qualified Settlement Fund.

c. All Independent Fiduciary Fees.

d. To the extent Defendant and/or its insurer pay any costs, fees or expenses to the Independent Fiduciary before proceeds from the Qualified Settlement Fund are available for distribution, the Settlement Administrator shall be directed to reimburse Defendant and/or its insurer for such amounts.

## III. FINAL APPROVAL

1. If the Settlement (including any modification thereto made with the consent of the Parties as provided for herein) is preliminarily approved by the Court, at least forty five (45) days before the Final Approval Hearing, Class Counsel shall file a motion for entry of the Final Approval Order and Judgment substantially in the form attached hereto as Exhibit D. The Final Approval Order and Judgment provides for the following, among other things:

   a. Approves the Settlement and the release of Released Claims covered by the Settlement, adjudging the terms thereof to be fair, reasonable, adequate to the Plan and Class Members, and directs the Parties to take the appropriate steps to effectuate the Settlement in accordance with the terms and conditions thereof;

   b. certifies the Settlement Class as a non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

   c. determines that the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and due process have been satisfied in connection with the distribution of the Settlement Notice to the Class;

   d. determines the legal fees and expenses, if any, that should be awarded or reserved for award to Class Counsel out of the Gross Settlement Amount as contemplated by the Settlement Agreement;

   e. approves a Plan of Allocation consistent with the Settlement Agreement, and determines the Settlement Administrator has final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation, as approved by the Court, and as administered by the Settlement Administrator.

   f. determines the amount, if any, that should be awarded to Plaintiff for her participation in the Action as contemplated by the Settlement Agreement;

   g. dismisses the Action and all Released Claims with prejudice and without costs other than as provided for in this Settlement Agreement, and operates to fully and finally extinguish, discharge, and release any and all Released Claims against the Released Parties;

h. bars and enjoins Class Members and the Plan from the institution and prosecution, either directly or indirectly and in their individual or representative capacity, of any other actions in any forum asserting any Released Claim against any Released Parties;

i. permanently enjoins Plaintiff, the Settlement Class, and the Plan from asserting, commencing, prosecuting, or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in any court asserting such Released Claims or from receiving any additional recovery or relief from any Released Parties with respect thereto;

j. permanently releases the Released Parties, Defendant, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees, costs, and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees, costs, and expenses;

k. determines all applicable CAFA requirements have been satisfied;

l. orders that within thirty (30) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each Person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution; and

m. finds that upon entry of the Final Approval Order and Judgment that the Parties, the Class, and the Plan shall be bound by the Settlement Agreement and the Final Approval Order and Judgment.

2. <u>Disbursement from the Qualified Settlement Fund after the Settlement Effective Date</u>. No later than fifteen (15) business days after the Final Approval Order and Judgment becomes Final, Defendant and/or its insurance carrier shall cause the entire unpaid balance of the Gross Settlement Amount to be deposited into the Qualified Settlement Fund. Class Counsel shall then direct the Settlement Administrator to disburse money from the Qualified Settlement Fund as follows:

a. If and only as approved by the Court, for Attorneys' Fees and Costs, no earlier than thirty (30) calendar days following the Settlement Effective Date.

b. If and only as approved by the Court, for Class Representative Case Contribution Awards no earlier than thirty (30) calendar days following the Settlement Effective Date.

c. For costs and expenses of the Settlement Administrator in distributing the Settlement Notice, implementing the Plan of Allocation and otherwise administering the Settlement that were not previously paid.

d. The Net Settlement Amount, which will be distributed in accordance with the Plan of Allocation.

The Settlement Administrator shall be responsible for sending checks constituting each Class Member's share of the Net Settlement Amount as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations. To the extent these checks are subject to tax withholding, 7-Eleven's and/or the Plan's portion of any withholding taxes will be paid from the Gross Settlement Amount. The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amount(s) of said allocation(s) made to Class Members. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Settlement Administrator will maintain the Qualified Settlement Fund.

Unless otherwise ordered by the Court, the Settlement Administrator shall issue initial settlement payments to Class Members no later than twenty (20) business days after the later of (a) the Settlement Effective Date or (b) completion of the final allocation calculations and resolution of any material data issues.

3. Final List of Class Members. Prior to the disbursement of the Net Settlement Amount, and 30 calendar days after the Settlement Effective Date, the Settlement Administrator shall provide to Defense Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Such list shall be final, and only persons on the list or their Beneficiaries shall be eligible to receive any recovery from this Settlement.

4. The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendant and Defense Counsel will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund to Class Members shall be treated as wages by the Settlement Administrator.

5. Each Class Member who receives a payment under this Settlement Agreement shall be responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Member shall hold the Defendant, Released Parties, Defense Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to

payments under the Settlement Agreement, and shall hold Defendant, Released Parties, Defense Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

6. Plaintiff and Class Members acknowledge that Defendant, Defense Counsel, and Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiff or Class Counsel receive from the Gross Settlement Amount. To the extent distributions from the Qualified Settlement Fund are subject to tax withholding, the employer's portion of any withholding taxes will be paid from the Gross Settlement Amount. Plaintiff further acknowledges that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Gross Settlement Amount from the Qualified Settlement Fund.

7. <u>Checks and Uncashed Checks and Residual Settlement Funds.</u>

   a. Settlement checks issued to Class Members shall remain valid for two hundred (200) calendar days from the date of issuance.

   b. One time during the 200-day period, the Settlement Administrator shall use commercially reasonable efforts to address returned checks and requests for reissuance, including reissuing checks to Class Members for whom updated address information becomes available.

   c. Following expiration of the 200-day period, any remaining funds in the Qualified Settlement Fund after payment or reservation for outstanding Administrative Expenses and Taxes ("Residual Settlement Funds") shall be distributed to the Court-approved Cy Pres Recipient.

   d. Under no circumstances shall any Residual Settlement Funds revert, be returned, or otherwise be paid to Defendant, Defendant's insurer.

   e. The Settlement Administrator shall notify Class Counsel and Defense Counsel of the amount of any proposed *cy pres* distribution and shall make the distribution only after authorization by the Court, if such authorization has not already been provided in the Final Approval Order.

8. <u>Non-Reversionary Settlement.</u> Except in the event the Settlement is terminated before becoming effective pursuant to Section VI, the Gross Settlement Amount is non-reversionary. No portion of the Gross Settlement Amount, including any uncashed payments, contingency reserve, interest, or other residual funds, shall revert or be returned to Defendant or any insurer.

## IV. NO ADMISSION OF LIABILITY

1. Defendant denies and continues to deny each and every claim alleged in the Action. Defendant denies all allegations of wrongdoing and denies that certification of a class would be appropriate for any purpose other than for settlement. Defendant contends the Plan has been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plan's participants, and in accordance with all laws and regulations.

2. The Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission, or suggestion of any wrongdoing or liability by Defendant, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

3. The provisions contained in this Settlement and all negotiations, statements, documents executed, and proceedings in connection with the Settlement shall not be deemed a presumption, a concession, or an admission by Defendant of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce this Settlement.

4. The Released Parties may file the Agreement and/or the Final Approval Order and Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar, or reduction or any other similar defense or counterclaim. The Parties and their counsel, and each of them, agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information shall survive and be unaffected by this Settlement Agreement.

## V. RELEASE AND COVENANT NOT TO SUE

1. Release. As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval), Plaintiff, and Class Members, including Class Members' respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims.

2. Covenant to Not Sue. As of the Settlement Effective Date, the Plaintiff, Class Members, including Class Members' respective heirs, beneficiaries, executors, administrators,

estates, past and present partners, officers, directors, agents, predecessors, successors, and assigns, and the Plan (subject to Independent Fiduciary approval) expressly agree that they, acting individually or together, or in combination with others in their personal or representative capacity, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance agency or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing precludes an action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

3. <u>Acknowledgment of Release of Unknown Claims</u>. Class Counsel, Plaintiff, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, had they been known, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, Plaintiff, each Class Member, and the Plan shall, upon the entry of the Final Approval Order and Judgment, be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.

   a. Plaintiff, Class Members, and the Plan acknowledge that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

4. Plaintiff, Class Members, and the Plan (subject to Independent Fiduciary approval) expressly acknowledge certain principles of law applicable in some states (including, for example, Section 1542 of the California Civil Code) provide that a release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. Plaintiff and Class Members hereby knowingly and voluntarily waive and relinquish the protections of any such principles of law or provisions.

5. Plaintiff, Class Members, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Approval Order and Judgment, the Class Members and the Plan shall be conclusively deemed to, and by operation of the Final Approval Order and Judgment have waived any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

6. No Impact on Prior Releases. The Released Claims in the Class Action shall not invalidate or impair any prior release of claims by Plaintiff, any Class Members, or the Plan against any of the Released Parties.

## VI. RIGHT TO WITHDRAW FROM SETTLEMENT

1. The Settlement shall automatically terminate, and thereby become null and void with no further force or effect if::

   a. The Independent Fiduciary does not approve the Settlement or disapproves the Settlement for any reason whatsoever, or Defendant reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39, and the Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

   b. The Preliminary Approval Order is not entered substantially in the form specified herein, or with such modifications thereto as may be agreed to by the Parties;

   a. the Final Approval Order and Judgment is not entered substantially in the form specified herein, or in a form agreed to by the Parties;

   b. the Settlement is not approved by the Court or is disapproved or materially modified by the Court of Appeals or Supreme Court;

      (i) It shall not be deemed a failure to approve the Settlement Agreement if the Court, the Court of Appeals, or the Supreme Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representative Case Contribution Awards and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representative Case Contribution Awards.

   c. the Court declines to enter the Judgment in any material respect; or

   d. the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

2. Defendant shall have the right to withdraw from the Settlement and terminate the Agreement if:

   a. The Court does not certify the Settlement Class as a non-opt out class for settlement purposes in the Preliminary Approval Order or the Final Approval Order and Judgment;

   b. before the Court's Final Approval Hearing, any governmental agency files any objection to the Agreement or Settlement in any court, brings a claim against any

Released Parties relating to the Released Claims, or notifies any Released Parties that it intends to file such a claim; or

3. If the Settlement is terminated pursuant to Section VI of the Settlement, then:

    a. The Settlement proposed herein shall be of no further force and effect; and

    b. the agreements and stipulations in this Settlement Agreement concerning the class definition or class certification will not be used as evidence or argument to support class certification or a class definition, and Defendant will retain all rights and defenses, including the right to oppose class certification; and

    c. this Settlement Agreement and all negotiations, proceedings, and statements relating thereto, and any amendment thereof, shall be null and void, shall not be submitted or admitted in the Action or any other proceeding, and shall be without prejudice to the Parties; and

    d. the Parties shall be restored to their respective positions as they existed prior to the execution of this Settlement Agreement; and

    e. if any funds remain in the Qualified Settlement Fund as of the date of termination, within five (5) business days after termination of the Settlement, the Settlement Administrator shall return to the payor (whether Defendant or its insurance carrier(s)) all such funds, along with an accounting of all funds previously disbursed.

    f. In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Account. Administrative Expenses in excess of the interest earned on the Qualified Settlement Account shall be split evenly and paid by Class Counsel, on the one hand, and Defendant (or its insurer(s)), on the other hand.

## VII. MISCELLANEOUS

1. Cooperation. Defendant and Defense Counsel shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation. Defendant and Defense Counsel make no representations or warranties concerning the completeness or accuracy of this data. The Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation.

2. Arm's-Length Negotiations. The Parties agree that they have negotiated all terms and conditions of this Settlement Agreement at arm's length. The Parties represent and warrant that they are voluntarily entering into this Settlement Agreement because of arm's-length negotiations among Class Counsel and Defense Counsel, that in executing this Settlement

Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel. The Parties assume the risk of mistake as to facts or law.

3. Authority of Persons Signing the Agreement. The individuals executing this Agreement for the Parties represent and warrant they have full authority to bind each party to this Settlement Agreement.

4. Inquiries from Class Members. The Settlement Administrator and/or Class Counsel may respond to questions from any Class Member concerning that Class Member's benefit under this Settlement Agreement. The responses provided will not create or establish any liability on the part of the Plan, Defendant, Defense Counsel, or any of the Released Parties.

5. This Agreement Governs. To the extent there is an inconsistency between this Settlement Agreement and any notice or other communication, this Settlement Agreement shall govern.

6. Confidentiality. Except as necessary to obtain approval of the Settlement, the Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations and statements made to and shared with the Mediator, with Class Members, the Independent Fiduciary, and the Parties' tax, legal, and regulatory advisors.

7. Interpretation. This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Texas law, without regard to conflicts of laws rules.

    a. None of the Parties hereto shall be considered the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

8. Entire Agreement. This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Parties. No representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto. The Settlement Agreement supersedes any settlement terms or settlement agreements relating to the Defendant that were previously agreed upon orally or in writing by any of the Parties.

9. Waiver. Any provision of this Settlement Agreement may be waived only by a writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Party shall not be deemed to be or construed

as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

10. Amendment to Settlement Agreement.

    a. Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties.

    b. After approval by the Independent Fiduciary, but before entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only if set forth in a written agreement signed by or on behalf of all Parties and only if the Independent Fiduciary approves such modification or amendment in writing.

    c. After approval by the Independent Fiduciary and entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

11. Enforcement of Settlement. Only Class Counsel may seek enforcement of this Settlement Agreement on behalf of Plaintiff, the Plan, and Class Members, including Class Members' respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, predecessors, successors, and assigns. Any individual concerned about Defendant's compliance with this Settlement Agreement must first notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate that is not in contravention of this Agreement, or to refrain from taking any action, in response to such request.

    a. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses from the Qualified Settlement Fund beyond the Attorneys' Fees and Costs determined by the Court.

    b. Any motion or action to enforce this Settlement Agreement—including by way of injunction—and any dispute or controversy related to this Settlement Agreement must be filed in the U.S. District Court for the Northern District of Texas, with notice that the motion or action is related to the Action.

12. Counterparts. This Settlement Agreement may be executed in any number of actual or telecopied (including without limitation, by email transmission of one or more PDF files), DocuSign or similar electronic signature counterparts and by each of the different parties thereto on several counterparts, each of which when so executed and delivered shall be an original. The executed signature page(s) from each actual or telecopied counterpart may be

joined together and attached to one such original and shall constitute one and the same instrument.

13. Binding Effect. This Settlement Agreement binds and inures to the benefit of the Parties hereto, their assigns, heirs, administrators, executors, and successors.

14. Neither the Parties, the Released Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to:

    a. Any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise;

    b. the determination of the Independent Fiduciary;

    c. the management, investment, or distribution of the Qualified Settlement Fund;

    d. the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund;

    e. any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or

    f. the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of any funds in the Qualified Settlement Fund or tax reporting, or the filing of any returns.

15. Defendant, Defense Counsel, and the Released Parties shall have no responsibility for or liability with respect to any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount, or otherwise.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates set forth below.

Date: 10/09/2026

BARBARA A. BAKER

Barbara Baker
Barbara Baker (Oct 9, 2026 18:44:39 EDT)

On Behalf of Plaintiffs, Individually and as Representatives of the Settlement Class:

Oren Faircloth

Oren Faircloth
William H. Payne, IV
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (929) 677-5181
E: ofaircloth@sirillp.com
E: wpayne@sirillp.com

Proposed Class Counsel

Date: Oct 9, 2026

On Behalf of 7-ELEVEN, INC.:

Jose Motta
Jose Motta (Oct 9, 2026 14:23:10 CDT)

Name: Jose Motta
Title: VP, Total Rewards

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

**NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND COSTS**

**READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ANY ACTION.**

This notice advises you of the Settlement of *Baker, et al. v. 7-Eleven, Inc.*, Case No. 3:25-cv-01609 (N.D. Tex.), a class action lawsuit brought by Barbara A. Baker ("Plaintiff") on behalf of herself, the Settlement Class described below, and 7-Eleven, Inc. ("Defendant") (Defendant, collectively with Plaintiff, the "Parties"). The Parties have agreed to settle this case for $2,313,480.87 (the "Gross Settlement Amount"). The Court has preliminarily approved the Settlement, which provides for allocation of Settlement funds to the Settlement Class. The Action was brought under the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") concerning Defendant's tobacco wellness program. The Settlement would release Defendant and related parties from the claims filed, and those that could have been filed, against the Defendant in the Action. The terms and conditions of the Settlement are set forth in a Settlement Agreement. Capitalized terms used in this notice but not defined in this notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement and additional information with respect to the Action and the Settlement are available [*here/at hyperlink*] or by contacting Class Counsel as described below.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorneys' fees and costs and for compensation to the Plaintiff. That hearing, before the Honorable Brantley Starr, is scheduled on__________, 2027, at _____ in [ROOM #] United States District Court – Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242. If the Court grants final approval of the Settlement, the Settlement will bind the Settlement Class. You may appear at this hearing and/or object to the Settlement but only if you follow the instructions below. More information about the hearing and how to object is explained below.

**PLEASE DO NOT CONTACT DEFENDANT, DEFENDANT'S COUNSEL, OR THE COURT. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

QUESTIONS? CALL [HOTLINE NUMBER] TOLL FREE, OR VISIT WWW.____.COM.

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT BY [ ], 2027** | You may write to the Court and counsel if you don't like the Settlement to explain why you object or wish to make comments about the settlement. More information is provided below. If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled, regardless of whether you objected to or commented about the Settlement. |
| **ATTEND A HEARING** | You may attend the hearing and ask to speak in Court about the fairness of the Settlement at the Final Approval Hearing only if you follow the below instructions. More information on when and where to attend is provided below. You should check the settlement website at www.___.com before the hearing date stated in this notice to get updated information as to the hearing date. If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled, regardless of whether you spoke in Court about the fairness of the Settlement. |
| **DO NOTHING** | If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled. |

## BASIC INFORMATION

### What is this notice and why should I read it?

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Baker, et al. v. 7-Eleven, Inc.*, Case No. 3:25-cv-01609 (N.D. Tex.), filed in the United States District Court for the Northern District of Texas (the "Action"). The Court ordered this notice to be sent to you because you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among the Settlement Class according to a Court-approved Plan of Allocation.

This notice describes the Settlement. Please read this notice carefully. Your rights and options—and the deadlines to exercise them—are explained in this notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

### What is a class action lawsuit?

In a class action, one or more plaintiffs, called "Class Representatives," sue on behalf of many people who have similar claims. All the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Final Approval Hearing, the Court preliminarily certified the Settlement Class in the Action.

### What is this lawsuit about?

Plaintiff filed a class action complaint against Defendant on behalf of a class of Plan participants alleging that Defendant violated ERISA in connection with its tobacco wellness program. A complete description of Plaintiff's allegations is in the Complaint and is available on the Settlement Website at www.####.com.

Defendant has denied and continues to deny Plaintiff's claims and allegations in their entirety, denies that it is liable at all to the Plaintiff or the Class Members, and denies that the Plaintiff, Class Members, or the Plan have suffered any harm or damage. Defendant denies all allegations of wrongdoing and asserts that its conduct was lawful. Defendant is settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

### Why is there a Settlement?

The Court has not reached any final decision in connection with Plaintiff's claims against Defendant. Instead, Plaintiff and Defendant have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time, and disruption of prolonged litigation and trial. Class Counsel believe that the Settlement is the best option for the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

### How do I know if I am a Class Member and included in the Settlement?

The Court decided that everyone who fits this description is a **Class Member**:

The individual:

(1) was a Plan participant or beneficiary at any point from September 26, 2018, through the date of entry of the Preliminary Approval Order; and

(2) paid a tobacco or nicotine surcharge in connection with their participation in the Plan from September 26, 2018, through the entry of the Preliminary Approval Order; and

(3) was not fully reimbursed the tobacco or nicotine surcharge payments made from September 26, 2018, through the date of entry of the Preliminary Approval Order.

## THE SETTLEMENT BENEFITS

### What does the Settlement provide?

Defendant has agreed to pay $2,313,480.87 into a Settlement Fund, which will be used to pay expenses associated with administering the Settlement, an independent fiduciary's review of the settlement, Class Counsel's attorneys' fees (not to exceed 33.33% of the Gross Settlement Amount) and costs, a case contribution award to Plaintiff to be determined by the Court, and benefits to Class Members.

The Net Settlement Amount will be distributed to Class Members in proportion to the net tobacco surcharges each paid during the Class Period (from September 26, 2018 through the date of entry of the Preliminary Approval Order). The amount of each Class Member's payment will be determined according to a Plan of Allocation set forth in the Settlement Agreement, which will be available on the Settlement Website at www.####.com prior to the Final Approval Hearing. Each Class Member will receive payment under the Settlement directly in the form of a check.

### How do I get benefits?

If the Settlement is given final approval, you will not have to do anything to get a payment from the Settlement if you are entitled to one under the Plan of Allocation. Checks will be mailed automatically to the last known address of each Class Member after the Settlement becomes final.

Checks **will be valid for 200 calendar days** from the date of issue. If a check is not cashed within 200 calendar days of issuance., any remaining funds will be handled in accordance with the Court-approved Plan of Allocation and Settlement Agreement.

### When will I get my payment?

The hearing to consider whether to finally approve the Settlement is scheduled for _________, 2027.

The balance of the Net Settlement Amount will be allocated to Class Members pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement, including any appeals. Any appeal of the final approval may take a year or more. Please be patient.

**These payments may have certain tax consequences; you should consult your tax advisor. Defendant, Defense Counsel, and Class Counsel cannot provide tax advice concerning the settlement.**

**There will be no payments if the Settlement is terminated.**

The Settlement may be terminated for several reasons, which are described in the Settlement Agreement. In the event any of these conditions occur, there will be no settlement payment made, and the litigation will resume.

## THE LAWYERS REPRESENTING YOU

### Who represents the Class Members?

The Court has appointed lawyers from the law firm of Siri & Glimstad LLP to represent Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Barbara A. Baker to serve as the Class Representative. She is also a Class Member.

Subject to approval by the Court, Class Counsel has proposed that up to $7,500 may be paid to the Class Representative in recognition of the time and effort she expended on behalf of the Class Members. The Court will determine the proper amount of any such award. The Court may award less than the requested amount.

### How will the lawyers be paid?

From the beginning of the case, which was filed in September 2024, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees, not to exceed 33.33% of the $2,313,480.87 settlement (maximum $771,083.17), as well as costs and expenses. The Court will determine the proper amount of any attorneys' fees and costs to award Class Counsel.

Any attorneys' fees and costs awarded by the Court will be paid to Class Counsel from the Gross Settlement Amount out of the Qualified Settlement Fund.

### What is the effect of final approval of the Settlement?

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Once the appeal period expires or any appeal is resolved without causing a material change in the order or judgment, payments under the Settlement will then be processed and distributed, and the Release outlined in the Settlement Agreement will also take effect. All Class Members included in the Settlement will release and forever discharge Defendant and Released Parties (as defined in the Settlement Agreement) from any and all Released Claims (as defined in the Settlement Agreement). Please refer to the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the settlement.

No Class Member will be permitted to continue to assert Released Claims in any other litigation against Defendant or the other persons and entities covered by the Release. If you object to the terms of the Settlement Agreement, you must notify the Court of your objection.

### What happens if I do nothing at all?

If you do nothing, and the Settlement is finally approved, you will release any claims you may have against Defendant and the Released Parties concerning the conduct Plaintiff alleged in the

Complaint and the related wellness program challenged in this lawsuit during the Class Period. You will also receive any payment to which you are entitled.

**How do I get out of the Settlement?**

In some class actions, class members can exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. **Because of the legal issues involved in the Action, however, the class of participants affected by this Settlement has been preliminarily certified as a mandatory class. This means you cannot opt out of the benefits of the Settlement to pursue your own claims or for any other reason. Therefore, you will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released Defendant and the Released Parties (as defined in the Settlement Agreement) from any and all claims that were or could have been asserted in this case on your behalf or on behalf of the Plan or that are otherwise identified as Released Claims in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement**.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement, as described below.

**Can I sue Defendant for the same claims later?**

No. If the Court approves the Settlement, you will have given up any right to sue Defendant for all Released Claims covered by the Settlement.

**How do I object to the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not agree with any part of it. You must give reasons why you think the Court should not approve the Settlement, including any legal support or evidence you want to bring to the Court's attention or introduce in support of the objection.

To object, you must send a written filing explaining the reasons you object to the Settlement and include your name, address, telephone number, and physical signature. Any objection must be signed by the objector even if an attorney is retained to represent the objector. Be sure to include the following case caption and notation: "*Baker, et al. v. 7-Eleven, Inc.*, Case No. 3:25-cv-01609 (N.D. Tex.)"

**Mail the objection to each of the addresses listed below, postmarked no later than ____________, 2027. You must mail your objection by this date. If you fail to do so, the Court will not consider your objections.**

If you plan to speak at the Final Approval Hearing, you must send a Notice of Intention to Appear along with your objection. You may only request permission to speak at the Final Approval Hearing if you have filed and served a timely objection to the Settlement. To do so, you must submit a written "Notice of Intention to Appear at Final Approval Hearing in *Baker, et al. v. 7-Eleven, Inc.*, Case No. 3:25-cv-01609 (N.D. Tex.)" The Notice of Intention to Appear must include the Objector's (and, if applicable, the Objector's attorney's) name, address and telephone number.

**Mail the Notice of Intention to Appear to each of the addresses listed below, postmarked no later than ____________, 2027. You must mail your Notice of Intention to Appear by this date. If you fail to do so, the Court will not consider your objections.**

| **Clerk of Court** | **Class Counsel** | **Defendant's Counsel** |
|---|---|---|
| United States District Court<br>Northern District of Texas<br>1100 Commerce Street Dallas, TX 75242 | Oren Faircloth<br>William H. Payne, IV<br>Siri & Glimstad LLP<br>100 Pearl Street<br>14th Floor - #16946876<br>Hartford, CT 06103<br>ofaircloth@sirillp.com<br>wpayne@sirillp.com | Sam Schwartz-Fenwick<br>Thomas M. Horan<br>Seyfarth Shaw LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, IL 60606<br>sschwartz-fenwick@seyfarth.com<br>thoran@seyfarth.com |

## THE COURT'S FINAL APPROVAL HEARING

### When and where will the Court hold a hearing on the fairness of the Settlement?

Class Counsel will file with the Court their request for attorneys' fees and motion for final approval of the settlement at least forty-five (45) calendar days prior to the Final Approval Hearing. The Final Approval Hearing has been set for ________, 2027, at ________. The hearing will be conducted in person before the Honorable Brantley Starr at the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242. At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and costs and the Case Contribution Awards to Plaintiff as the Class Representative. You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court.

**Note**: The date, time, and location of the Final Approval Hearing are subject to change by Court Order, but any changes will be posted on the Settlement Website at www.###.com.

### Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection and/or comment, you don't have to come to Court to talk about it as long as any written objection and/or comment you choose to make is filed and mailed on time and meets the other criteria described above. You may also pay another lawyer to attend, but you don't have to.

### Where can I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Settlement Agreement. You can view the Settlement Agreement and get more information on the Settlement Website at www.####.com. You can also get more information by writing to the Settlement Administrator at [SETTLEMENT ADMINISTRATOR CONTACT INFORMATION] or Class Counsel at ##########.

The Agreement and all other pleadings and papers filed in the case are also available for inspection and copying during regular business hours at the office of the Clerk of the Northern District of Texas, located at Office of the Clerk, the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242. If you would like additional information, you can also call [SETTLEMENT ADMINISTRATOR HOTLINE NUMBER].

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANT, OR DEFENSE COUNSEL WITH QUESTIONS ABOUT THE SETTLEMENT.**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BARBARA A. BAKER on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN INC.,<br><br>Defendant. | Case No. 3:25-cv-01609-X |

# PLAN OF ALLOCATION FOR CLASS SETTLEMENT

## I. DEFINITIONS

Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement.

## II. CALCULATION OF ALLOCATION AMOUNTS

A. Per Section II.3(a) of the Settlement Agreement, Defendant shall provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Amount to be distributed to each Settlement Class member in accordance with this Plan of Allocation.

B. The data reasonably necessary to perform calculations under this Plan of Allocation is the total amount each Settlement Class member paid in tobacco surcharges from September 26, 2018, through the date of entry of the Preliminary Approval Order, less any refunds applied to tobacco surcharge payments during that period ("Net Surcharge Payments").

1. For periods prior to January 1, 2023, the amounts paid by each Class Member will be determined by (1) determining each month in which the Class Member was enrolled in the Plan; (2) determining whether, based on the enrollment information provided by the Class Member, the Class Member would have paid a tobacco surcharge in each of those

months (that is, whether they had identified themselves as a tobacco user, and responded "I don't agree" to the question regarding whether they would agree to try to quit tobacco use during the Plan year); and (3) multiplying the number of months in which the Class Member paid a tobacco surcharge by one-twelfth (1/12) of the pre-2023 annual surcharge amount, $520. Defendant shall provide data to the Settlement Administrator sufficient to identify the monthly enrollment information for each Class Member from January 1, 2018 through December 31, 2022, as well as the tobacco-related enrollment information provided by each Class Member.

2. For periods on or after January 1, 2023, the amounts paid by each Class Member will be determined based on data in 7-Eleven's payroll system. Defendant will provide to the Settlement Administrator data showing the amounts and dates of tobacco surcharges paid, and amounts and dates of any reimbursements or refunds, for the period beginning January 1, 2023.

3. Defendant shall provide the Settlement Administrator such other information as is reasonably necessary to identify Class Members, provide Settlement Notice, calculate Settlement payments, and effectuate the Plan of Allocation.

C. The Net Settlement Amount will be allocated as follows:

1. Calculate the Net Surcharge Payment by each Class member based on the data as of the dates above. This amount shall be that Class Member's "Balance."

2. Sum the Balance for all Class members.

3. Allocate each Class Member a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, i.e. where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances. The amounts resulting from this initial calculation will be known as the "Entitlement Amount."

D. Class Members shall be paid directly by the Settlement Administrator by check. Funds associated with checks that remain uncashed after expiration of the 200-day period

shall constitute part of the remaining Qualified Settlement Fund and shall be distributed in accordance with Sections II.G, II.H and II.I below.

E. The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

F. If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions does not exceed the Net Settlement Amount.

G. After expiration of the initial Settlement checks, the Settlement Administrator shall determine, in consultation with Class Counsel, whether an additional *pro rata* distribution to Class Members who negotiated their initial Settlement checks is economically feasible. If such a distribution is economically feasible, the Settlement Administrator shall distribute the remaining Net Settlement Amount pro rata among such Class Members based upon their respective Entitlement Amounts under this Plan of Allocation.

H. Neither the Defendant, Released Parties, Defense Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice or tax events given to or as to any Settlement Class members.

I. If the Settlement Administrator determines that an additional distribution under Paragraph G is not economically feasible, or if funds remain following such additional distribution, then, after payment or reasonable reservation for all remaining Administrative

Expenses and Taxes, the Settlement Administrator shall distribute all Residual Settlement Funds to the Cy Pres Recipient approved by the Court.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

BARBARA A. BAKER on behalf of herself and all others similarly situated,

Plaintiff,

v.

7-ELEVEN INC.,

Defendant.

Case No. 3:25-cv-01609-X

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**

Currently before the Court for preliminary approval is a Settlement (the "Settlement") of this class action (the "Action") wherein Plaintiff Barbara A. Baker ("Plaintiff") has asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), against Defendant 7-Eleven, Inc. ("Defendant"). The terms of the Settlement are set out in a Settlement Agreement executed on ________________, 2026 (the "Agreement"), which has been signed by Plaintiff and Class Counsel on behalf of the proposed Settlement Class and by Defendant. Plaintiff and Defendant are referred to herein collectively as the "Parties." Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Agreement. The "Settlement Class" is defined in this Order below.

Having considered Plaintiff's Motion for Preliminary Approval of Proposed Settlement (ECF No. __ ) and the Agreement attached thereto in order to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**Jurisdiction.** The Court has jurisdiction over the subject matter of this Action and over

all Parties to this Action, including all Class Members.

**Class Findings.** The Court preliminarily finds, for purposes of the Settlement only, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

(a) The Settlement Class is ascertainable from records kept with respect to The 7-Eleven Comprehensive Welfare Benefit Plan (the "Plan") and from other objective criteria, and the Settlement Class is so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiff's Complaint (the "Complaint"), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the Complaint, the Court preliminarily finds that the claims of Plaintiff are typical of the claims of the Settlement Class.

(d) Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiff and the nature of her alleged claims are consistent with those of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiff and the Settlement Class; and (iii) Plaintiff is represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the Action, or would substantially impair or impede those persons' ability to protect their interests.

**Class Certification.** Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (the "Settlement Class"), including all individuals satisfying the criteria below:

(a) was a Plan participant or beneficiary at any point from September 26, 2018, through the date of entry of the Preliminary Approval Order; and
(b) paid a tobacco or nicotine surcharge in connection with their participation in the Plan from September 26, 2018, through the entry of the Preliminary Approval Order; and
(c) was not fully reimbursed the tobacco or nicotine surcharge payments made from September 26, 2018, through the date of entry of the Preliminary Approval Order.

The "Class Period" is September 26, 2018, through the date of this Order.

The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a), as well as the requirements of Fed. R. Civ. P. 23(b)(1), and should be certified as a non-opt out class, because prosecuting separate actions by class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant. As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the Settlement Class. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the Court preliminarily designates Siri & Glimstad LLP as class counsel ("Class Counsel") with respect to the Settlement Class in this Action.

As indicated above, the Court finds that Plaintiff is adequate and typical class representative for the Settlement Class for settlement purposes and, therefore, hereby appoints Plaintiff Barbara A. Baker as the representative of the Settlement Class for settlement purposes.

The Court having determined preliminarily that this Action may proceed as a non-opt out

class action under Fed. R. Civ. P. 23(a) and 23(b)(1), the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**<u>Preliminary Approval of Settlement</u>.** The Settlement documented in the Agreement is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) The proposed Settlement resulted from arm's-length negotiations; (b) the Agreement was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiff' claims; (c) there is a genuine controversy between the Parties involving Defendant's compliance with the requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement, evidenced by the Agreement, is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**<u>Plan of Allocation.</u>** The Court preliminarily finds that the proposed Plan of Allocation is fair, reasonable, and adequate.

**<u>Final Approval Hearing</u>.** A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on ________2027, at __ a.m. in United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242 to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;

(c) whether the litigation should be dismissed with prejudice pursuant to the terms of the Agreement;

(d) whether the Final Approval Order attached to the Agreement should be

entered and whether the Released Parties should be released of and from the Released Claims, as provided in the Agreement;

(e) whether the notice and notice methodology implemented pursuant to the Agreement were appropriate as required by Fed. R. Civ. P 23(c)(2)(a);

(f) whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Settlement Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) whether the proposed Plan of Allocation of the Net Settlement Amount is fair, reasonable, and adequate and should be approved by the Court;

(h) whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plan and the Settlement Class, whether Plaintiff has acted independently, whether Plaintiff's interests are identical to the interests of the Plan and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(i) whether the application for attorneys' fees and costs to be filed by Class Counsel should be approved;

(j) whether a case contribution award should be awarded to Plaintiff; and

(k) any other issues necessary for approval of the Settlement.

**Class Notice.** The Parties have presented to the Court a proposed Class Notice, which is appended to the Agreement as Exhibit A. The Court **APPROVES** the form and content of the Settlement Notice finding that it is appropriate as it: (1) describes the terms and effect of the Agreement and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (3) describes how the recipients of the Settlement Notice may object to approval of the Settlement. The Parties have proposed sending the Settlement Notice to Class Members via U.S. Mail, and the Court finds that such proposed manner is adequate. By no later than sixty (60) calendar days before the Final Approval Hearing, Plaintiff shall cause the Settlement Notice, with such non-substantive modifications thereto as may be

agreed upon by the Parties, to be disseminated via U.S. Mail to the last known address of each member of the Settlement Class who can be identified by reasonable effort. At or before the Final Approval Hearing, Class Counsel shall file with the Court proof of timely compliance with this mailing requirement.

**Objections to Settlement.** "Objector" shall mean any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Agreement, to the proposed case contribution awards, or to the proposed award of attorneys' fees and costs. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any objection must be signed by the Settlement Class member. The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are:

| COURT CLERK | PLAINTIFF'S COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| United States District Court<br>Northern District of Texas<br>1100 Commerce Street<br>Dallas, TX 75242 | Oren Faircloth<br>William H. Payne, IV<br>Siri & Glimstad LLP<br>100 Pearl Street, 14th Floor<br>#16946876<br>Hartford, CT 06103<br>ofaircloth@sirillp.com<br>wpayne@sirillp.com | Sam Schwartz-Fenwick<br>Thomas M. Horan<br>Seyfarth Shaw LLP<br>233 S. Wacker Drive,<br>Suite 8000<br>Chicago, IL 60606 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least thirty (30) calendar days prior to the Final Approval Hearing. Any Settlement Class member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the

Settlement and any untimely objection shall be barred.

**Appearance at Final Approval Hearing**. An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Final Approval Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney). The Notice of Intention to Appear must be filed with the Court and provided to Class Counsel and Defendant's counsel at least thirty (30) calendar days prior to the Final Approval Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown. The Parties' counsel shall promptly furnish each other with copies of all Objections and Notices of Intention to Appear that come into their possession.

**Discovery As to Objectors.** Any Party may, but is not required to, serve discovery requests on an objector, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector.

**Response to Objectors.** The Parties may file a response to an objection by a Class Member before the Final Approval Hearing.

**Compliance with Class Action Fairness Act.** Defendant shall, on or before ten (10) calendar days prior to the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

**Notice Expenses.** The expenses associated with effectuating Class Notice shall be paid out of the Gross Settlement Amount from the Qualified Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator.** The Court understands that Defendant has retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan. The fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan (defined as the "Independent Fiduciary Fees" in the Agreement), shall be paid out of the Gross Settlement Amount from the Qualified Settlement Fund. The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Qualified Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of the Settlement Administrator, shall also be paid out of the Gross Settlement Amount.

**Application for Attorneys' Fees.** Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for case contribution awards to the Plaintiff, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least forty-five (45) calendar days prior to the Final Approval Hearing.

**Motion for Final Approval of Settlement and Plan of Allocation.** Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least forty-five (45) calendar days prior to the Final Approval Hearing.

**Injunction.** Pending final determination of whether the Settlement should be approved, Plaintiff, all Class Members, including their respective heirs, beneficiaries, executors,

administrators, estates, past and present partners, officers, directors, agents, predecessors, successors, and assigns, and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any of the Released Parties.

**Termination of Settlement**. If the Settlement is terminated in accordance with the Settlement Agreement or does not become Final under the terms of the Settlement Agreement for any other reason, this Order and all class findings herein shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**. In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Final Approval Hearing**. The Court reserves the right to continue the Final Approval Hearing, or to hold the Final Approval Hearing by remote means, without further written notice.

**SO ORDERED** this ________ day of ________________, 2026.

______________________________
Hon. Brantley Starr
United States District Judge

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BARBARA A. BAKER on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN INC.,<br><br>Defendant. | Case No. 3:25-cv-01609-X |

**[PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT**

This action came on for a final approval hearing, held on ____________, 2027**,** on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes. The issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement executed on _____________, 2026 (the "Agreement").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

The Court hereby approves and confirms the Settlement Agreement being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its Judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Barbara A. Baker ("Plaintiff") has asserted claims on behalf of

herself, the Settlement Class, and The 7-Eleven Comprehensive Welfare Benefit Plan (the "Plan") for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

The Court determines that the Settlement has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that her interests are aligned with the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement involves release of claims in exchange for consideration, where (1) there is a genuine controversy involving the Plan; (2) the Independent Fiduciary authorizing the Settlement has no relationship to, or interest in, any of the Parties involved in the litigation; (3) the Settlement is reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone; (4) the terms and conditions of the Settlement are no less favorable to the Plan than comparable arms-length terms and conditions that would have been; and (5) the Settlement, including the Plan's release, is not part of an agreement, arrangement, or understanding designed to benefit a party in interest.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan and the Plan participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiff on behalf of the Plan and the Settlement Class does not constitute a "prohibited transaction" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in the light of the analysis and opinion provided by the Independent

Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406, 29 U.S.C. § 1106, such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, was appropriate notice to the Class. Such Class Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as all individuals meeting the following criteria:

(a) was a Plan participant or beneficiary at any point from September 26, 2018, through the date of entry of the Preliminary Approval Order; and
(b) paid a tobacco or nicotine surcharge in connection with their participation in the Plan from September 26, 2018, through the entry of the Preliminary Approval Order; and
(c) was not fully reimbursed the tobacco or nicotine surcharge payments made from September 26, 2018, through the date of entry of the Preliminary Approval Order.

The "Class Period" is defined as September 26, 2018, through the date of entry of the Preliminary Approval Order.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Siri & Glimstad LLP as class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendant with prejudice.

As of the Settlement Effective Date, which shall not occur unless and until the Gross

Settlement Amount has been fully funded as required by the Settlement Agreement, Plaintiff, the Plan, and each Class Member on their own behalf and on behalf of their present or former agents, employees, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Released Parties from the Released Claims.

As of the Settlement Effective Date, and payment of the Net Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown or unsuspected claims, demands, or causes of action. Further, Plaintiff assumes for herself, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected the Parties entering into the Agreement.

The Court further determines that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class, including their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, predecessors, successors, and assigns, and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Parties.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel is awarded expenses in the amount of $__________, to be paid from the Settlement Fund. The attorneys' fees sought by Class Counsel in the amount of _____ percent (___%) of the Gross Settlement Amount established in this Action are reasonable

in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of ___ percent (___%) of the Gross Settlement Amount established in this Action, specifically $__________.

Plaintiff is hereby awarded case contribution awards in the amount of $_________.

Class Counsel's attorneys' fees and Plaintiff's case contribution awards shall be paid pursuant to the timing requirements described in the Settlement Agreement and paid from the Gross Settlement Amount.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

The Court further approves the residual-funds provisions of the Settlement Agreement and Plan of Allocation. If, following the initial distribution and any economically feasible additional distribution to Class Members, Residual Settlement Funds remain in the Qualified Settlement Fund, the Settlement Administrator is authorized to distribute such funds to the American Cancer Society, which the Court finds bears a sufficient nexus to the interests of the Settlement Class and the objectives of the Action.

**SO ORDERED** this ________ day of ________________, 2026.

_____________________________

Hon. Brantley Starr
United States District Judge